IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 02-00174 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| POLOTANI LATU, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF REDUCTION OF SENTENCE IN PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) (ECF No. 599)**

Defendant Polotani Latu, proceeding pro se, has filed a Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  Defendant is not eligible to receive a sentence reduction.

Defendant's Motion to Reduce Sentence Pursuant to Amendment 782 to the United States Sentencing Guidelines (ECF No. 599) is **DENIED**.

## PROCEDURAL HISTORY

On May 1, 2002, the grand jury returned a thirty-seven count Indictment against Defendant Polotani Latu along with several co-defendants.  (Indictment, ECF No. 139).

On January 29, 2003, the Government filed a Superseding Information as to Defendant Polotani Latu, charging him in Count 1 with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a), and Count 2 for a forfeiture charge pursuant to 21 U.S.C. § 853.  (Superseding Information, ECF No. 263).

On January 30, 2003, Defendant pled guilty to the two counts in the Superseding Information pursuant to a Plea Agreement. (ECF No. 269).

On October 15, 2003, Defendant filed a Motion to Withdraw Plea Agreement and Guilty Pleas.  (ECF No. 437).

On November 14, 2003, the Court held a hearing on Defendant's Motion to Withdraw Plea Agreement and Guilty Pleas. (ECF No. 455).

On November 26, 2003, the Court issued a Minute Order denying Defendant's Motion to Withdraw Plea Agreement and Guilty Pleas.  (ECF No. 461).

On December 15, 2003, the sentencing hearing was held.  (ECF No. 470).  Defendant was sentenced to a term of imprisonment of 262 months as to Count 1 in the Superseding Information. (Judgment, ECF No. 477).

On December 22, 2003, Defendant filed a Notice of Appeal. (ECF No. 474).

On June 9, 2005, the Ninth Circuit Court of Appeals issued

an order affirming the judgment of the District Court, but it stayed the mandate to allow the parties to file briefs as to whether remand would be appropriate pursuant to the decision in United States v. Ameline as to the discretionary nature of the United States Sentencing Guidelines.  (ECF No. 545).

On July 12, 2005, the Ninth Circuit Court of Appeals remanded proceedings to the District Court to determine "whether the sentence imposed would have been materially different had the district court known that the federal sentencing guidelines were advisory."  (Id.)

On November 15, 2005, the District Court held a hearing on remand.  (ECF No. 560).  The District Court found that "had the Court known that the federal sentencing guidelines were advisory, the Court would have imposed a different sentence."  (Id.)  The Court amended Defendant's sentence as to Count 1 in the Superseding Information and sentenced defendant to 240 months imprisonment.  (Amended Judgment, ECF No. 562).

On November 25, 2005, Defendant filed a Notice of Appeal.  (ECF No. 561).

On December 12, 2006, the Ninth Circuit Court of Appeals affirmed the District Court's decision.  (ECF No. 573).

On October 22, 2015, Defendant, proceeding pro se, filed MOTION FOR RECONSIDERATION OF REDUCTION OF SENTENCE IN PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2).  (ECF No. 599).

On the same date, Defendant filed a letter in support of his Motion. (ECF No. 600).

On October 27, 2015, the Federal Public Defender's Office sent a letter to the Court stating that it had determined that Defendant Latu was not eligible for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines and requested to withdraw as counsel. (ECF No. 601).

On October 28, 2015, the Court granted the Federal Public Defender's request to withdraw as counsel. (ECF No. 602). The Court ordered the Government to respond to Defendant's pro se Motion for Reduction of Sentence and elected to decide Defendant's Motion without a hearing. (Id.)

On November 12, 2015, the Government filed UNITED STATES' MEMORANDUM REGARDING DEFENDANT POLOTANI LATU'S ELIGIBILITY FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES. (ECF No. 604).

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry.  Dillon v. United States, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced.  28 U.S.C. §§ 994(o),(u).

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants.  U.S.S.G. §§ 1B1.10(d), (e)(1).  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).  U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii);  Dillon, 560 U.S. at 826-28.

Here, the Court does not reach the second step in the inquiry.  Defendant is not eligible for a sentence reduction.  Defendant was already sentenced to the 240-month statutory mandatory minimum that is applicable pursuant to Defendant's amended sentencing guidelines.

## I. Defendant is Not Eligible for a Sentence Reduction Pursuant to Amendment 782 to the United States Sentencing Guidelines

At his November 15, 2005 amended sentencing hearing, Defendant had a total offense level of 39, and a criminal history category of I, for a guideline range of 262-327 months. Defendant was subject to a mandatory statutory minimum of 240 months imprisonment based on his conviction for Count 1 in the Superseding Information pursuant to 21 U.S.C. § 848(a). (Presentence Report at p. 26, ECF No. 482).

Defendant was sentenced to 240 months imprisonment. (Amended Judgment, ECF No. 562).

Amendment 782 to the United States Sentencing Guidelines, which became effective on November 1, 2014, altered some of the drug quantities provided in U.S.S.G. § 2D1.1.  Amendment 782 lowered the base offense level applicable to Defendant by two levels.

Defendant's 2015 amended guidelines provides for a total offense level of 37 and a criminal history category of I. Defendant remains subject to the statutory minimum sentence of 240 months imprisonment and has an amended guideline range of 240-262 months.  See U.S.S.G. § 5G1.1(b) (stating that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required

6

minimum sentence shall be the guideline sentence.")

Defendant is not eligible to receive a sentence reduction below the 240-month mandatory statutory minimum.

United States Sentencing Guideline 1B1.10(b)(2)(A) provides:

> Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A).

The exception is found in U.S.S.G. § 1B1.10(b)(2)(B). The exception involves cases in which the defendant received a sentence below the guidelines applicable at sentencing pursuant to a government motion for downward departure based on the defendant's substantial assistance to authorities.

There was no motion for substantial assistance made by the Government at Defendant's sentencing.

The Court is unable to reduce Defendant's sentence below the 240-month mandatory minimum term provided by his amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A)

Defendant's Motion (ECF No. 599) filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines is **DENIED**.

**CONCLUSION**

DEFENDANT'S MOTION FOR RECONSIDERATION OF REDUCTION OF SENTENCE IN PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) (ECF No. 599) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 8, 2015.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge